**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 19-cv-62220-SINGHAL/Valle

ANDREW THOMPSON,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Portfolio Recovery Associates, LLC's ("PRA") Motion for Summary Judgment (DE [32]),[1] filed on February 28, 2020. For the following reasons, the motion is **GRANTED**.

## BACKGROUND[2]

This is an action under the Telephone Consumer Protection Act ("TCPA"), *see* 47 U.S.C. § 227.[3] Over the course of thirty-five days in late-2018 to early-2019, PRA placed seventeen phone calls to a telephone number ending in digits 7774. Def.'s Statement of

---

[1] PRA has titled the instant motion a "corrected" motion. It appears PRA initially filed an incomplete version of its motion for summary judgment. In light of the corrected filing, the previous motion (DE [30]) is **DENIED AS MOOT**.

[2] Under Local Rule 7.1, Plaintiff had until March 13, 2020, to file a response to the motion for summary judgment. As of the date of this order, Plaintiff has neither responded nor sought an enlargement of time to respond. Thus, Plaintiff has conceded, and accepted as true, PRA's Statement of Undisputed Material Facts. Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .").

[3] Plaintiff originally brought five counts, including three under the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. §§ 1692–1692p. *See* Compl. (DE [1]). He has since dropped those claims. *See* Verified Am. Compl. at n.1 (DE [16]).

Undisputed Material Facts ("SUMF") ¶ 2–4 (DE [33]).  This number is owned by, and belongs to, Plaintiff's cousin ("Cousin").  *Id.* ¶¶ 8–9; Verified Am. Compl. ¶ 14.  In making these phone calls, PRA was attempting to reach Cousin—not Plaintiff.  SUMF ¶¶ 8–9; Verified Am. Compl. ¶ 14; *see also* Decl. of Meryl Dreano ¶¶ 5, 9 (DE [33-1]).  However, for some reason (not relevant to this action), Cousin had previously ported his phone number to a voice over internet protocol (VOIP) and automatically routed all calls placed to him to go directly to other phone numbers, including Plaintiff's cell phone.  SUMF ¶¶ 9–12; *see also* Aff. of Willie J. Wright ¶¶ 1–4 (DE [15-1]).  It follows, when PRA called Cousin's number, the calls were re-routed to Plaintiff.  *See* SUMF ¶¶ 9–12.  Plaintiff now brings this action.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A district court must grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018).  An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof.  *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).  And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case."  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).  "[W]here the material facts are undisputed

and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 F. App'x 817, 820 (11th Cir. 2015).

## DISCUSSION

The TCPA prohibits "any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014); *see also* 47 U.S.C. § 227(b)(3) (providing a private cause of action under the TCPA). Plaintiff's case against PRA turns on the definition and interpretation of two terms in the TCPA: the "called party" and the "automatic telephone dialing system" ("ATDS").

PRA argues it is entitled to judgment as a matter of law for two reasons. First, Plaintiff is not the "called party" under well-settled Eleventh Circuit case law. Second, its program that it uses to place phone calls does not use "randomly or sequentially generated numbers." Either of these reasons is sufficient to enter judgment in favor of PRA.

**A.     The "Called Party"**

From what can be gathered, it appears case law on the undefined term "called party" is rather thin. Nevertheless, PRA insists Plaintiff was not the "called party"; rather, Plaintiff received PRA's calls only because Cousin rerouted the calls to Plaintiff's phone. Based on a comparable case out of the Western District of Pennsylvania cited to by PRA, the Court agrees. In *Klein v. Commerce Energy, Inc.*, 256 F. Supp. 3d 563, 582 n.9 (W.D. Pa. 2017), the court wrote: "[W]here a person sets up the forwarding of calls made to a

3

number assigned to one service to then forward to a number assigned to another service it is the person setting up the forwarding calls who in essence is making the call to the second service." In other words, with the Pennsylvania district court's logic applied here, Cousin is actually placing the phone calls to Plaintiff's phone. PRA offers several cases likewise granting summary judgment for similar call-forwarding situations. *Karle v. Sw. Credit Sys.*, 2015 WL 5025449, at *6 (D. Mass. June 22, 2015); *Harper v. Credit Control Servs., Inc.*, 863 F. Supp. 2d 125, 127 (D. Mass. 2012).

The Court agrees with PRA. Based on a commonsense approach to the facts in this dispute, PRA did not place phone calls to Plaintiff. PRA called Cousin. It hardly seems to be the case that the TCPA anticipated parties like Plaintiff would file suit against bona fide debt collectors for having called debtors who have re-routed their phone calls to other individuals.

**B.     Use of Random of Sequential Number Generator**

PRA is entitled to summary judgment for another reason: The program it uses to place calls is not at ATDS. The TCPA prohibits the use of ATDS. 47 U.S.C. § 227(a)(1). An ATDS is "equipment which has the capacity: (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* The "defining characteristic" of an ATDS is "the capacity to dial numbers without human intervention." *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1375 (S.D. Fla. 2014); *Strauss v. CBE Grp., Inc.*, 173 F. Supp. 3d 1302, 1309 (S.D. Fla. 2016) ("To determine whether a dialer is a predictive dialing system, and therefore an ATDS, the primary consideration . . . is whether human intervention is required at the point in time at which the number is dialed.").

PRA's software is called the Avaya Proactive Contact. The Avaya program does not have the capacity to produce or store telephone numbers using a random or sequential number generator. Indeed, as PRA notes, as a debt-collection company, it would make no business sense to call random or sequential numbers; PRA is not an advertising company. Avaya is not an ATDS under the plain language of the statute, nor does it meet the "defining characteristic" established in *Legg*.

## CONCLUSION

Accordingly, because Plaintiff was not the called party and PRA's Avaya program does not place phone calls based on a random or sequential number generator, it is

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (DE [32]) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 58, judgment will be entered in accordance with the foregoing by separate order. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 25th day of April 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF